IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KAY SIMS                                                                                       PLAINTIFF

v.                                  No. 3:12-cv-295 KGB

MDOW INSURANCE COMPANY                                    DEFENDANT

**ORDER**

Before the Court is defendant's motion to dismiss plaintiff's claim for bad faith (Dkt. No. 4). Plaintiff did not respond to defendant's motion, and the time for doing so has passed. For the reasons that follow, defendant's motion to dismiss plaintiff's claim for bad faith is granted.

Plaintiff filed this action against defendant after defendant denied her claim for fire damage. Plaintiff asserts several claims, including that defendant "maliciously accused" her of setting the fire "without any foundation whatsoever." She seeks to recover benefits under the policy and damages for bad faith. Defendant has moved to dismiss the bad faith allegations for failure to state a claim upon which relief may be granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). While a complaint should not be dismissed because it "strikes a savvy judge . . . that a recovery is very remote and unlikely," *Twombly*, 550 U.S. at 556, the plaintiff must allege facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

"Arkansas recognizes a claim for bad faith when 'an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured.'" *Selmon v. Metropolitan Life Ins. Co.*, 372 Ark. 420, 426, 277 S.W.3d 196, 201 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429, 64 S.W.3d 720, 723 (2002)). Mere negligence or bad judgment on the part of the insurer is insufficient. *Id.* "The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Id.*

For her bad faith claim, plaintiff alleges that defendant breached its duty of good faith and fair dealing by "denying or failing to process or failing to pay or delaying the payment of Plaintiff's claim without a reasonable basis for such conduct in a dishonest and/or malicious and/or oppressive attempt to avoid liability under [the] policy . . . ." (Dkt. No. 2). Defendant argues, and this Court agrees, that these conclusory allegations do not state a claim for bad faith under Arkansas law. The complaint does not contain any factual matter tending to show that defendant engaged in conduct that was dishonest, malicious, or oppressive or characterized by hatred, ill will, or a spirit of revenge. Accordingly, plaintiff's allegations of bad faith fail to state a claim upon which relief may be granted.

\* \* \*

For these reasons, defendant's motion to dismiss plaintiff's bad faith claim is granted (Dkt. No. 4), and the claim is dismissed without prejudice.

SO ORDERED this 20th day of February, 2013.

_____
Kristine G. Baker
United States District Judge